WELLS, Judge.
David Stone and American Cellular & Communications Corporation, the defendants below, appeal from an order granting a temporary injunction in favor of the plaintiff below, Harry Gorlovezky. Finding no abuse of discretion, we affirm the entry of the temporary injunction. See Vargas v. Vargas, 771 So.2d 594, 595 (Fla. 3d DCA 2000) (“In considering a request for injunction, the trial court has wide discretion to either grant, deny, dissolve, or modify a temporary injunction, and an appellate court will not intercede unless the aggrieved party clearly shows an abuse of discretion.”) However, we remand for determination of an appropriate bond. See Fla. R. Civ. P. 1.610(b) (“No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.”); Vargas, 771 So.2d at 596 (noting that “the purpose of an injunction bond is to provide sufficient funds to cover the adverse party’s costs and damages if the injunction is wrongfully issued”).
Affirmed, remanded with instructions.